UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

IRAN SAEZ

     Plaintiff,
vs.

LOMAN DISTRIBUTORS, INC.,
a Florida for Profit Corporation, and
MANUEL LOPEZ, individually.

     Defendants.
_____/

# COMPLAINT

Plaintiff IRAN SAEZ (hereinafter "Plaintiff") by and through his undersigned attorney, hereby sues Defendants LOMAN DISTRIBUTORS, INC., a Florida for Profit Corporation (hereinafter "LOMAN DISTRIBUTORS") and MANUEL LOPEZ, individually (hereinafter "LOPEZ") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

## PARTIES

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants from 2014 until June 6, 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. LOMAN DISTRIBUTORS is a Florida for Profit Corporation organized and existing under and by virtue of the laws of Florida and was registered to do business within Florida. LOMAN DISTRIBUTORS has its principal place of business in Miami, Florida. LOMAN DISTRIBUTORS had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. LOMAN DISTRIBUTORS is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, LOMAN DISTRIBUTORS is a company that develops and distributes, all kind of fabrics, materials and components for the window decoration and covering industry. From its headquarters in Miami (USA), LOMAN DISTRIBUTORS serves customers in North, South and Central America.

9. At all times material to this Complaint, LOMAN DISTRIBUTORS has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material that have been moved in or produced for commerce as fabrics, materials, and components for window decoration.

10. LOMAN DISTRIBUTORS upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant MANUEL LOPEZ, is an owner and exercised operational control over the activities of, corporate Defendant, LOMAN DISTRIBUTORS.

12. Defendant MANUEL LOPEZ, acted directly in the interest of his company, LOMAN DISTRIBUTORS. Upon all available information, MANUEL LOPEZ, controlled the manner in which Plaintiff performed his work, and the pay he was to receive.

13. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

15. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

16. Plaintiff began working for Defendants in 2014 as a warehouse operator. Plaintiff quit his job on or about June 6, 2022. During his employment, Plaintiff's primary duties were performing manual labor.

17. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

18. Based on the information currently available to Plaintiff, YOUNG was paid $17.00/hour 40 hours a week. He was paid every week.

19. When Plaintiff began working for Defendants, there was an understanding between Defendants and Plaintiff that he was to work Monday through Friday 8:30 AM – 5:00 PM with a ½ hour lunch break.

20. Notwithstanding their agreement, Plaintiff regularly worked through lunch and would often work longer hours than the hours scheduled. Furthermore, Plaintiff would work on Saturdays on occasion.

21. A review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that Plaintiff was issued a company check claiming to compensate him at his regular rate for 40 hours in a particular pay period regardless of the hours Plaintiff actually worked.

22. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

23. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

24. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME against LOMAN DISTRIBUTORS

26. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

27. This action is brought by Plaintiff to recover from Defendant LOMAN DISTRIBUTORS unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

28. Since the commencement of Plaintiff's employment LOMAN DISTRIBUTORS has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all hours overtime hours at a rate not less than one- and one-half times their regular rate.

29. Specifically, throughout his employment Plaintiff worked over forty (40) hours during some of the workweeks in which he was employed.

30. LOMAN DISTRIBUTORS is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). LOMAN DISTRIBUTORS's business activities involve those to which the Fair Labor Standards Act applies.

31. Specifically, LOMAN DISTRIBUTORS is a Florida Corporation that develops and distributes, in interstate commerce, fabrics, materials, and components for window decoration.

32. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or

professional employee. Plaintiff performed manual labor, as such processing, organizing, packing, loading, and unloading goods at the warehouse and did not have decision-making authority.

33. LOMAN DISTRIBUTORS has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

34. By reason of the said intentional, willful, and unlawful acts of LOMAN DISTRIBUTORS, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

36. As a result of LOMAN DISTRIBUTORS' willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent he in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from LOMAN DISTRIBUTORS.

WHEREFORE, Plaintiff respectfully prays for the following relief against LOMAN DISTRIBUTORS:

 A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

 B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

 C. Award Plaintiff an equal amount in double damages/liquidated damages; and

 D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME against LOPEZ

38. Plaintiff, re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

39. At the times mentioned, Defendant LOPEZ was, and is now, a corporate officer of corporate Defendant, LOMAN DISTRIBUTORS.

40. LOPEZ was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that LOPEZ acted directly in the interests of LOMAN DISTRIBUTORS in relation to its employees including Plaintiff.

41. Specifically, LOPEZ is the company's owner and supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

42. LOPEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

43. Defendant LOPEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. By reason of the said intentional, willful and unlawful acts of LOPEZ, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of LOPEZ willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant LOPEZ:

    A. Adjudge and decree that LOPEZ has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, IRAN SAEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 25, 2022

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: */s/ Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com

By: */s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200