UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-23485-LENARD/LOUIS

IRAN SAEZ,

    Plaintiff,

v.

LOMAN DISTRIBUTORS, INC. AND MANUEL LOPEZ,

    Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Iran Saez, and Defendants, Loman Distributors, Inc. and Manuel Lopez ("Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 1.] The parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), a copy of which is being emailed to this Court as Exhibit "A". The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Pursuant to the parties' Settlement Agreement, Plaintiff will receive $750.00 as alleged overtime wages, plus an equal amount of $750.00 as liquidated damages. Therefore, the Plaintiff will receive a total of $1,500.00. Plaintiff's counsel will receive the total amount of $6,000.00.

Plaintiff, Mr. Saez, alleged that he worked over 40 hours during most workweeks, and was not compensated for that overtime. [ECF No. 1]. Specifically, Mr. Saez alleged that he regularly

worked through his lunch breaks, worked longer than his scheduled time of 8:30am to 5:00pm, and worked on some Saturdays. *Id.* at ¶19. Mr. Saez alleged that Defendants knew he worked this overtime and failed to compensate him for it. Importantly, Mr. Saez asserted the Defendants did not keep time records during the majority of the time he worked for them.

The Defendants dispute that Mr. Saez was entitled to any overtime wages. The Defendants maintain that Mr. Saez is exempt from overtime due to his status as a truck loader under the Motor Carrier Exemption of the FLSA. Defendants acknowledge that they did not keep time records for the majority of the time that Mr. Saez worked, but assert that any time he worked beyond a 40-hour workweek was *de minimis*. Furthermore, Mr. Saez was compensated with discretionary bonuses, which work to offset any overtime he may have been owed.

The parties engaged in early productive conferrals on their relative positions, and attended a settlement conference in front of Magistrate Judge Lauren F. Louis. Following the settlement conference, the parties exchanged further documentation and continued negotiations. After a review of the records provided by the Defendants, the parties ultimately agreed prolonged litigation would be uncertain and costly, and resolved to settle the case for the amounts described above, which are fair and reasonable to Mr. Saez given the evidence that would be presented for a fact finder.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a

reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

### (1) *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

### (2) *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

### (3) *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records, which they independently analyzed. Based

on this analysis, and after attending a settlement conference the parties decided to resolve this matter. To this end, had the parties not resolved this case at this juncture, written discovery and depositions would have begun, followed by summary judgment briefing, as part of which Plaintiff faced the potential for lesser or no recovery had this case continued. Finally, based on the scope of Plaintiff's alleged FLSA claims and the disputed legal and factual issues relating to those claims, taking into account the time, risk, and costs of further litigation, the parties' settlement of Plaintiff's FLSA claims represents a fair and reasonable resolution in accordance with *Lynn's Food*. If the parties continued to litigate this matter, they would be forced to engage in costly litigation to prove their respective claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

**(4)** ***The Probability of Success on the Merits Supports Settlement.***

The parties disagree about the merits of Plaintiff's claims and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Defendants maintain that Plaintiff was exempt from overtime. Defendants acknowledge that they did not keep time records for the majority of the time that Mr. Saez worked, but assert that any time he worked beyond a 40-hour workweek was *de minimis*. Furthermore, Mr. Saez was compensated with discretionary bonuses, which work to offset any overtime he may have been owed. Upon conferral, Defendants produced records that reflected the time records for at least 16 weeks. Further Defendants produced records that reflected the discretionary bonuses and vacation time Plaintiff received during his employment for which Defendants would be entitled to a set off. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be owed any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5)** *The Range of Possible Recovery Supports Approval.*

The parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** *Counsel Agree That The Settlement Is Fair.*

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, the rates of Plaintiff's counsel, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture. Plaintiff's counsel has expended over 20 hours and has incurred $604.00 in costs to date in the prosecution of the instant action. According to the terms of the Agreement for Representation, Plaintiff's attorneys are allowed to bill an hourly rate for their time. The billing attorneys are Nathaly Saavedra, Esq. who has over seven (7) years of experience and Jocelyn R. Rocha, who has less than one (1) year experience. Courts have awarded Mrs. Saavedra $310.00 per hour as a senior associate of the law firm and an experienced labor and employment attorney, who is known in the South Florida legal community for performing respectably in labor and employment matters. Ms. Rocha, a first-year associate, seeks approval of her rate at $200.00 per hour, which is customary rates in South Florida for her level of experience. *See Interim Healthcare,*

*Inc., Plaintiff, v. Health Care@Home, Llc, et al.*, 17-CV-61378-BLOOM/VALLE (S.D. Fla. Nov. 27, 2019)*(*reducing the hourly rate of a first year associate from $290.00/hr. to $250.00/hr); *Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC*, 14-cv-61376, 2015 WL 11570970, at *4 (S.D. Fla. July 22, 2015) (approving hourly rates between $220 and $325); *Rubenstein v. The Florida Bar*, No. 14-CV-20786, 2015 WL 1470633, at *3 (S.D. Fla. Mar. 31, 2015), report and recommendation adopted, 2015 WL 11216722, at *1 (S.D. Fla. Apr. 22, 2015).

Plaintiff's counsel, Nathaly Saavedra has expended 15.01 hours of time prosecuting this matter (not including time expended on the instant motion at bar). See Time Sheet for Nathaly Saavedra, as Exhibit "B." Plaintiff's counsel, Jocelyn R. Rocha, has expended at least 13.12 hours of time prosecuting this matter. See Time Sheet for Jocelyn R. Rocha, as Exhibit "C." The time expended in prosecuting Plaintiff's claims is not duplicative in nature and does not include time for billing for administrative tasks. Plaintiff's attorney time does include time for attorney conferences and supervision of attorney tasks. Plaintiff could legitimately request $7,333.10 in fees and $820.00 in costs. Plaintiff's counsel, as part of a negotiated settlement, has reduced their fee to $5,180.00 and $820.00 in costs.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

*[signatures on following page]*

Dated this 14th day of February 2023.

*/s/*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200
*Counsel for Plaintiff*

*/s/*
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
*Counsel for Defendants*